NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JAMES WILLIS SNYDER, *Appellant.*

No. 1 CA-CR 23-0297
FILED 07-30-2024

Appeal from the Superior Court in Maricopa County
No. CR2021-139219-001
The Honorable Michael S. Mandell, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

The Susser Law Firm PLLC, Chandler
By Adam M. Susser
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Anni Hill Foster and Judge Angela K. Paton joined.

---

**B A I L E Y**, Judge:

**¶1** James Willis Snyder appeals his convictions and sentences for luring a minor for sexual exploitation and attempted sexual conduct with a minor. Snyder's counsel filed a brief in accordance with *Smith v. Robbins*, 528 U.S. 259 (2000); *Anders v. California*, 386 U.S. 738 (1967); and *State v. Leon*, 104 Ariz. 297 (1969), advising the court that after searching the entire record, he is unable to identify any arguable question of law and requesting that we independently review the record for fundamental error. Snyder was given the opportunity to file a supplemental brief *pro per* but did not do so. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2** An undercover Scottsdale Police Department detective investigating internet crimes against children created a profile on a social networking website posing as a female living in Scottsdale, "Izzy." In October 2021, Snyder messaged Izzy and asked if she was in high school. Izzy responded that she was in high school and told Snyder that she was fourteen years old. Snyder asked Izzy if she "like[d] older men."

**¶3** Izzy gave Snyder her phone number so they could text. One day later, Snyder suggested they "go for a ride" or "hang at [his] place[.]" Izzy told Snyder she could not get her driver's license for another two years, and Snyder responded, "I meant my car." Izzy told Snyder that she could leave her house after her mom left the next day.

**¶4** The next day, Snyder texted Izzy and asked her if she wanted to "play with something big." Izzy asked Snyder what he meant, and Snyder responded "8 bwc." Based on the detective's training and experience, "8 bwc" meant "Eight-inch big white cock." Snyder also told Izzy "I'm big," that he was "hunggg," and that he had a "[b]ig dick." Izzy asked Snyder what he wanted her to do with "it," and Snyder sent a string of emojis, all but one of which included an open mouth or a protruding

tongue. Izzy questioned the meaning of the emojis, and Snyder responded, "You know. What's on your shoulders." Izzy again asked for clarification, and Snyder responded, "Head." Snyder then asked Izzy if she had "done it" and Izzy said, "a couple [of] times with a boy from school." Snyder replied, "Cool."

¶5 Snyder and Izzy agreed to meet at a park that evening. Snyder texted Izzy when he arrived. Izzy gave Snyder various excuses for her failure to appear. After waiting about thirty minutes, Snyder texted Izzy "thanks for wasting my time" and tried to call her. Snyder then returned to his vehicle, where he was arrested by detectives.

¶6 The State charged Snyder with luring a minor for sexual exploitation (count 1) and attempted sexual conduct with a minor (count 2). *See* Arizona Revised Statutes ("A.R.S.") sections 13-3554(A), -1405(A), -1001(A).[1] Both counts alleged that the minor was under fifteen years old. *See* A.R.S. §§ 13-3554(C), -1405(B).

¶7 In May 2023, a jury found Snyder guilty as charged. The superior court imposed lifetime probation for both counts, *see* A.R.S. § 13-902(E), and six months in jail as a probation condition for count 1. Snyder received two days' credit for presentence incarceration.

¶8 We have jurisdiction over Snyder's timely appeal under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

¶9 We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300; *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). The evidence presented at trial was substantial and supports the verdicts, and the sentences were within the statutory limits. Snyder was represented by counsel at all stages of the proceedings, was present at all critical stages, and was given the opportunity to speak at sentencing. The proceedings were conducted in compliance with Snyder's constitutional and statutory rights and conformed to the Arizona Rules of Criminal Procedure.

¶10 Upon filing of this decision, Snyder's counsel shall inform him of the status of his appeal and of his future options. Counsel has no

---

[1] When material provisions have not changed, we cite to the current versions of the statutes.

further obligations unless, upon review, counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Snyder has 30 days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

**CONCLUSION**

¶11        We affirm Snyder's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV

4